Sherif PHILIPS, M.D., Plaintiff,

v.

PITT COUNTY MEMORIAL HOSPITAL, INC., Paul Bolin, M.D., and Ralph E. Whatley, M.D., Defendants.

No. 4:07–CV–49–F.

United States District Court,
E.D. North Carolina,
Eastern Division.

Aug. 2, 2007.

Lisa M. Schreiner, Deborah N. Meyer, Meyer Law Offices, P.A., Cary, NC, for Plaintiff.

Walter G. Merritt, Harris, Creech, Ward & Blackerby, New Bern, NC, for Defendants.

## ORDER

FOX, Senior District Judge.

This matter is before the court upon a Motion to Dismiss [DE–21] filed by Defendants Pitt County Memorial Hospital ["PCMH"], Paul Bolin, M.D., and Ralph E. Whatley, M.D. and Motion to Stay Discovery [DE–29] filed by Plaintiff Sherif Philips. These matters are now ripe for disposition.

## I. BACKGROUND

This case arises out of the suspension of Plaintiff's medical privileges at PCMH. Plaintiff is a physician who became a member of PCMH's medical staff in 1996. On June 22, 2005, after an investigation and various hearings, the PCMH Board of Trustees renewed Plaintiff's medical privileges subject to certain conditions and imposed a 90–day suspension of Plaintiff's

medical staff privileges, to include 31 days of "active suspension." [1]

Dissatisfied with the manner in which his medical privileges were suspended, Plaintiff filed a civil action ["*Philips I*"] in this court on July 29, 2005 against PCMH, Dr. Bolin, Dr. Whatley and others, asserting: (1) a claim pursuant to 42 U.S.C. § 1983, based on deprivation of a valuable property right without due process of law required by the Fourteenth Amendment; (2) a claim pursuant to 42 U.S.C. § 1981, based on discrimination on the basis of national origin; (3) breach of contract; and (4) defamation. *Philips v. Pitt County Memorial Hospital*, No. 4:05–CV–95–F(3).

Thereafter, PCMH conducted an investigation and various hearings that ultimately resulted in the activation of the remainder Plaintiff's 90–day suspension and permanent suspension of his medical staff privileges due to his failure to abide by the conditions of the renewal of his medical privileges. Plaintiff has alleged that a committee of four hospital administrators met on November 17, 2005 and unanimously recommended to invoke the remainder of Plaintiff's 90–day suspension for failure to comply with the disciplinary conditions established by the Board of Trustees and possible summary suspension of Plaintiff's medical privileges. Specifically, the recommendation was based upon Plaintiff's perceived failure to remain within Pitt County while providing call coverage to PCMH patients, inappropriate prescribing practices involving restricted antibiotics, inconsistent chart notes, and repeating patterns of conduct associated with previous ongoing disciplinary action. Dr. Eric Lindbeck, Chair of the Credentials Com-

1. For a detailed description of the facts leading up to the temporary suspension of Plaintiff's medical privileges, see *Philips v. Pitt County Memorial Hospital*, 503 F.Supp.2d 776, 777–79 (E.D.N.C.2007).

mittee, then requested an investigation of Plaintiff prior to the initiation of Corrective Action. On November 23, 2005, following the committee's recommendation and Dr. Lindbeck's request, Dr. Lars Larsen, Chief of Staff, notified Plaintiff that his remaining 59 days of suspension would be invoked effective November 28, 2005.

On November 29, 2005, an Ad Hoc Committee met to hear the recommendations regarding invocation of the remaining 50 days of active suspension and summary suspension of all privileges. After the meeting, the Ad Hoc Committee recommended that the summary suspension remain in place. On December 5, 2005, the report of the Ad Hoc Committee was presented to the Medical Staff Executive Committee, which decided to uphold the adverse action. On December 5, 2005, PCMH filed two Adverse Action Reports with the National Practitioners' Data Bank regarding the remaining 59 days of active suspension and summary suspension of Plaintiff's privileges at PCMH.

Plaintiff timely gave notice of his intent to appeal the decision of the Medical Staff Executive Committee. A Fair Hearing Committee then met and heard evidence on April 11, 2006, May 15, 2006, and May 16, 2006. On October 2, 2006, the Fair Hearing Committee issued a report recommending permanent suspension of Plaintiff's PCMH medical staff privileges. Plaintiff appealed the Fair Hearing Committee's decision and the Medical Staff Executive Committee affirmed the recommendation of the Fair Hearing Committee. Plaintiff appealed the decision of the Medical Staff Executive Committee and the Board of Trustees affirmed the recommendation of permanent suspension of Plaintiff's medical privileges.

On March 19, 2007, Plaintiff initiated the present action, again asserting a claim pursuant to 42 U.S.C. § 1983, and claims of breach of contract and defamation against Defendants PCMH and Drs. Bolin and Whatley. Defendants filed a Motion to Dismiss on May 10, 2007, arguing that Plaintiff's 42 U.S.C. § 1983 claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Additionally, Defendants contend that upon dismissal of Plaintiff's federal claim, his remaining state law claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## II. MOTION TO DISMISS

### A. Standard

An action will be dismissed pursuant to Rule 12(b)(6) for failing to state a claim if it appears that the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true, *see McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996), and construes the allegations in the light most favorable to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Here, Defendants contend that Plaintiff's 42 U.S.C. § 1983 and 42 U.S.C. § 1981 claims must be dismissed pursuant to Rule 12(b)(6). Additionally, Defendants argue that Plaintiff's remaining state law claims must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The court will examine each claim in turn.

### B. 42 U.S.C. § 1983

On August 2, 2007, the undersigned signed an order dismissing Plaintiff's Section 1983 claim in *Philips I* pursuant to Federal Rule of Civil Procedure 12(b)(6).

*See Philips v. Pitt County Mem'l Hosp.*, 503 F.Supp.2d 776, 780–784 (E.D.N.C. 2007). For the reasons expressed in that order, which the court adopts and incorporates herein, Defendants' Motion to Dismiss Plaintiff's Section 1983 claim in the instant action is ALLOWED.

### C. Breach of Contract and Defamation

Because this court lacks subject matter jurisdiction over Plaintiff's remaining state law claims, it hereby is ORDERED that the remaining state law claims are DISMISSED pursuant to 28 U.S.C. § 1332 and FED.R.CIV.P. 12(b)(1).

### III. MOTION TO STAY

Having allowed Defendants' Motion to Dismiss, Plaintiff's Motion to Stay is DENIED as moot.

### IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss [DE–21] is ALLOWED and Plaintiff's Motion to Stay [DE–29] is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.